UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JHOAN ARGENIS GALINDEZ DAVILA,

*Petitioner*,

v. Case No. 3:26-cv-2765-JEP-SJH

WARDEN, NORTH FLORIDA DETENTION CENTER, et al.,

*Respondents*.
_________________________________/

## ORDER

Petitioner, a citizen of Venezuela who was paroled into the United States on January 15, 2023, is currently detained by the United States Immigration and Customs Enforcement. (*See* Doc. 1 at 2). Through counsel, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an order directing Respondents to release him or, alternatively, provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.* at 13). He contends, among other things, that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act ("INA"). (*Id.* at 8–10).

This Court has addressed claims and arguments similar to those raised in this case and has concluded it is bound by the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir.

2026).[1] *See, e.g.*, *Sanchez v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-2242-JEP-SJH, 2026 WL 2794856 (M.D. Fla. Sept. 17, 2026); *Rahmani v. Warden, Baker Cnty. Facility*, No. 3:26-CV-1685-JEP-LLL, 2026 WL 2162799 (M.D. Fla. July 28, 2026); *Martinez-Gil v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-1642-JEP-SJH, 2026 WL 2130714 (M.D. Fla. July 24, 2026); *Padilla v. Mullin*, No. 3:26-CV-1572-JEP-MCR, 2026 WL 2103604 (M.D. Fla. July 22, 2026).

The Federal Respondents also argue that Petitioner failed to exhaust his administrative remedies because he has not requested a bond redetermination hearing before an immigration judge. (*See* Doc. 6 at 6–9). Notably, however, the Federal Respondents classify Petitioner as an "arriving alien" and certify that he is being mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 1). Thus, even if Petitioner sought a bond redetermination hearing, an immigration judge likely would deny the request for lack of jurisdiction based on the Federal Respondents' classification of Petitioner. Therefore, based on the facts of this case, the Court rejects the Federal Respondents' exhaustion

---

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

argument.[2] *See generally McCarthy v. Madigan*, 503 U.S. 140, 148 (1992) (recognizing that a petitioner need not exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it"). For the same reasons expressed in this Court's prior cases, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his mandatory detention without an individualized bond hearing violates the INA.[3] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[4] or release Petitioner. If Respondents release

---

[2] The case the Federal Respondents rely upon is factually distinguishable. (Doc. 6 at 8 (citing *Ordonez v. Warden, Fla. Baker Corr. Inst.*, No. 3:26-CV-1447-MMH-MCR, 2026 WL 1784778, at *1 (M.D. Fla. June 22, 2026))). In *Ordonez*, the government conceded that the petitioner was entitled to a bond hearing and certified that he was being detained under 8 U.S.C. § 1226(a). *See Ordonez*, 2026 WL 1784778, at *1; (Doc. 7 at 3, Case No. 3:26-cv-1447). Thus, requiring the petitioner to first exhaust his administrative remedies in that case was not futile because the government conceded that he was entitled to a bond hearing under binding Eleventh Circuit precedent.

[3] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[4] Petitioner is not entitled to immediate release. *See, e.g.*, *Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not

Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Warden's motion to dismiss (Doc. 7) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on November 1, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

immediate release"(quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).